IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

FRANK YOUNG and MICHELLE HAZEN,
individually and as next friends for
their minor son, D.Y.,

    Plaintiffs,

  v.

INJURED PATIENTS AND FAMILIES
COMPENSATION FUND, MARSHFIELD
CLINIC HEALTH SYSTEM, INC., MARSHFIELD
CLINIC, INC., ASPIRUS, INC., ASPIRUS MEDICAL
GROUP, INC., CYNTHIA J. HENRY, D.O, and
HOLLY M. FROST,

    Defendants.

OPINION and ORDER

23-cv-235-jdp

---

Plaintiffs Frank Young and Michelle Hazen are the parents of D.Y. They are suing two physicians and their employers for their alleged failure to properly diagnose and treat swelling in D.Y.'s kidneys caused by the accumulation of urine, leading to permanent damage to D.Y.'s kidneys, urinary tract, and bladder.

Defendant Cynthia Henry has filed what she calls a motion to strike cumulative experts. Dkt. 47. Henry says that plaintiffs have disclosed four experts on the standard of care: David Rusk, Herschel Lessin, Julie Ferguson, and Stephen Harris. All of them are pediatricians, and all of them offer opinions on why they believe defendants were negligent. Henry says that plaintiffs have not identified any differences in the opinions that the four experts will offer, so plaintiffs should be required to choose which of the four experts they will actually be calling at trial. The other defendants have joined Henry's motion. Dkt. 53; Dkt 54; Dkt. 55.

In response, plaintiffs say that defendants' motion is premature because the parties only recently submitted their Rule 26(a)(2) disclosures, and plaintiffs represent that their experts

will not offer cumulative testimony. The court is sensitive to the fact that discovery is ongoing, and that plaintiffs may not be able to predict with certainty exactly how their expert witnesses will perform under examination. But every expert will be limited to the opinions disclosed in their reports. If plaintiffs identified any meaningful differences among the opinions or explained what unique purpose each expert served, the court would deny Henry's motion. But plaintiffs point to *no* differences in their experts' opinions.

Plaintiffs say generally that "plaintiffs' retained pediatrician expert witnesses bring unique qualifications and perspectives to this case and will offer unique opinions, and so their opinions will not be cumulative." Dkt. 56, at 13. But plaintiffs provide no examples of how their experts' testimony will be different. Instead, plaintiffs say that their "decisions on which experts to call and on what topics will be heavily influenced by what future discovery reveals and the future rulings of the court." *Id.* That vague representation is unhelpful. It gives no guidance to defendants or the court on how any one expert provides an insight that the other three cannot.

Proceeding with four experts offering the same opinions will lead to a waste of time and resources. Waiting until trial to strike cumulative witnesses would accomplish nothing but increase costs for all parties. Defendants should not have to depose four witnesses offering the same opinions in an attempt to uncover possible variations.

Plaintiffs devote much of their brief to explaining why all of their pediatric experts are well qualified. But that is a separate issue. Henry is not seeking to strike plaintiffs' experts as unqualified or unreliable under Federal Rule of Evidence 702. Rather, Henry's position is simply that plaintiffs should choose one expert to testify on each topic.

The parties dispute whether the court has authority under Federal Rule of Procedure 1, 11(b)(1), or 26(b)(1) or Federal Rule of Evidence 403 to strike cumulative witnesses before trial. Rule 1 requires courts to apply the rules so as to obtain a "just, speedy, and inexpensive determination" of the case; Rule 11(b)(1) prohibits parties from filing documents to "needlessly increase the costs of litigation"; Rule 26(b)(1) allows the court to limit discovery "when the burden or expense of the proposed discovery outweighs its likely benefit"; Rule 403 allows the court to exclude cumulative evidence.

All of those rules support the general view that parties should litigate their case efficiently and without excessive waste. But the court need not decide whether any of those rules is exactly on point because it is well established that a district court has inherent authority to "manage its docket as efficiently and speedily as possible, particularly where there is no risk of unfair prejudice to the litigants." *Bauer Mechanical, Inc. v. Joint Arbitration Bd. of Plumbing Contractors' Ass'n and Chicago Journeymen Plumbers' Local Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009). The relief defendants request fits comfortably within that authority. And plaintiffs identify no unfair prejudice from requiring them to disclose only noncumulative experts. The court will grant Henry's motion.

ORDER

IT IS ORDERED that:

1. The motions filed by defendants Injured Patients and Families Compensation Fund, Dkt. 53, Marshfield Clinic and Holly Frost, Dkt. 54, and defendant Aspirus Medical Group, Inc. and Aspirus, Inc., Dkt. 55, to join Cynthia Henry's motion to strike are GRANTED.

3

2. Henry's motion to strike plaintiffs' pediatric experts as cumulative, Dkt. 47, is GRANTED. Plaintiffs may have until May 22 to disclose to defendants which one of their four pediatric expert witnesses plaintiffs will be calling at trial.

Entered May 9, 2024.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge